UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TOM MCLEOD SOFTWARE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| TEKNOWLOGI APPLIED INTELLIGENCE, LLC, | ) ) ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT

Plaintiff, Tom McLeod Software Corporation ("McLeod Software" or "Plaintiff"), by and through its undersigned counsel, brings this action for trademark infringement, unfair competition, deceptive trade practices, and related causes of action, against Teknowlogi Applied Intelligence, LLC ("TAI" or "Defendant"), and alleges as follows:

## PARTIES

1.     McLeod Software is an Alabama corporation, with its principal place of business at 100 Corporate Parkway, Suite 100, Hoover, Alabama 35242.

2.     On information and belief, TAI is a corporation organized under the laws of the State of Georgia, with its principal place of business located at 2451

Cumberland Pkwy SE Ste 3710, Atlanta, GA, 30339.  Defendant can be served through its Registered Agent, United States Corporation Agents, Inc., 1420 Southlake Plaza Dr., Morrow, GA 30260.

## JURISDICTION AND VENUE

3.     This is an action for, *inter alia*, trademark infringement, unfair competition, and related claims pursuant to 15 U.S.C. §§ 1, *et seq.*, including §§ 1114, 1125(a), and for related claims of unfair competition under the laws of the State of Georgia.

4.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1332, and § 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's additional claims, pursuant to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal trademark infringement claims, over which this Court has original jurisdiction, that the additional claims form part of the same case or controversy under Article III of the United States Constitution.

5.     This Court has personal jurisdiction over Defendant because Defendant conducts regular and continuous business in this district.  For example, in addition to maintaining its principal office address within this district, Defendant promotes itself as having 2 additional office locations within this district.  One of

these locations is Defendant's offices at 95 Chastain Rd., Suite 200, Kennesaw, GA 30144.  *See* **Exhibit A**, which is a true and correct copy of Defendant's "Contact" page downloaded from www.teknowlogi.com/contact/ on February 12, 2020.  *See also* **Exhibit B**, which is a true and correct copy of a screenshot downloaded on February 17, 2020 from Defendant's profile on LinkedIn at https://www.linkedin.com/company/teknowlogi/about/.  Another of Defendant's office locations within this district that is displayed on its website is 3075 Chastain Meadows, Marietta, GA 30066.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because a substantial part of the events and injury giving rise to McLeod Software's claims has occurred and continues to occur in this district.

## RELEVANT BACKGROUND ON PLAINTIFF MCLEOD SOFTWARE AND THE MCLEOD SOFTWARE® MARKS

7.     Founded in the 1980's, McLeod Software is a leading developer and provider of powerful transportation management and trucking software solutions to the trucking and brokerage industry throughout the United States.

8.     McLeod Software has made substantial investments and efforts in developing its software solutions used for trucking dispatch operations management, freight brokerage management, fleet management, document

imaging, workflow, EDI, and business process automation solutions for trucking, freight brokerage, third party logistics, and shipper companies.

9.      Over the decades, McLeod Software has also made substantial investments and efforts in promoting and selling its software solutions under the McLeod Software name to those in the trucking and brokerage industry including trucking, freight brokerage, third party logistics, and shipper companies, and their employees and end users of McLeod Software® products and services.

10.     Today, McLeod Software has grown to employ over 500 employees, most of whom are software developers.

11.     McLeod Software's offices are headquartered in its own 140,000 square foot offices, campus, and training facilities located just outside of Birmingham, Alabama.

12.     McLeod Software also operates regional offices with training facilities in Salt Lake City, Utah and in Downers Grove, Illinois.

13.     McLeod Software actively participates in many of the industry's most important organizations including national organizations such the ATA, TCA, TIA, AFTC, NTTC, and NPTC and over 20 state and regional organizations.

14.     McLeod Software invests in organizing and sponsoring an annual User Conference.  The McLeod Software User Conference is held in different

locations around the United States each year, and is attended by over 1000 transportation industry professionals.  The annual McLeod Software User Conference enables attendees to learn best practices from McLeod Software customers who openly share their experiences, gain education in over 90 breakout sessions, meet the McLeod Software team (usually hundreds of McLeod Software employees), get personalized one-on-one training with McLeod Software professionals, learn about the newest McLeod Software products, interact with 70 or more exhibitors, and hear about exciting future technologies that will impact the future of trucking. *See*, https://userconference.mcleodsoftware.com/ to learn more about the McLeod Software User Conference 2020 that will be held in Washington, DC.

15.    McLeod Software partners with many businesses involved in the trucking and brokerage industry.  *See,* for example, some of McLeod Software's many Certified Partners at https://www.mcleodsoftware.com/certified-partners. *See also*, some of McLeod Software's industry consulting partners at https://www.mcleodsoftware.com/industry-consulting-partners/.

16.    Through McLeod Software's extensive advertising, marketing, promotion, active participation in the trucking and brokerage industry, and partnering with many companies in the industry over many years, the McLeod

Software® name and logo have become trademarks widely recognized by those in the industry and end users as the symbols and signatures of McLeod Software representing quality software products and services originating exclusively from McLeod Software.

17.    As a further direct result of McLeod Software's substantial investments and efforts to develop, promote, market, sell and support its quality software products and services, the McLeod Software® name and logo have developed valuable goodwill and reputation that belongs exclusively to McLeod Software.

18.    The United States Patent and Trademark Office (USPTO) has recognized and registered the McLeod Software® name and logo as trademarks belonging exclusively to McLeod Software.

19.    Attached as **Exhibit C** is a copy of United States Trademark Registration No. 4,981,604 (the " '604 Mark" and/or the "McLeod Software® Mark").  The USPTO awarded the '604 Mark to McLeod Software for the mark MCLEOD SOFTWARE in connection with the following goods and services:

- downloadable transportation management software for the trucking and transportation industry; downloadable transportation management software for the trucking and transportation industry, namely, truckload carriers, less than truckload carriers, freight brokerage, third

party logistics, and shipper transportation management in International Class 9;

- business consulting services and business process review in the field of selection, implementation and use of computer hardware and software systems for the trucking and transportation industry; database management of computer program data or information in the field of trucking and transportation; and transportation management services for the trucking and transportation industry, namely, planning and scheduling transportation of goods for others in International Class 35;

- installation, maintenance, and repair of computer hardware for the trucking and transportation industry; technical support services, namely, troubleshooting in the nature of the repair of computer hardware in the trucking and transportation industry in International Class 37;

- training services in the use and operation of computer software programs and hardware for the trucking and transportation industry in International Class 41 (the "Training Services");

- installation, maintenance, and repair of computer software programs for the trucking and transportation industry; technical support services, namely, troubleshooting of computer software problems for the trucking and transportation industry; project management of computer software systems for the trucking and transportation industry; custom computer programming in the field of software for the trucking and transportation industry; computer services, namely, hosting computer software applications of others in the field of trucking and transportation; software as a service (SaaS) featuring software for transportation management and for the trucking and transportation industry in International Class 42; and

- licensing of computer software for the trucking and transportation industry in International Class 45.

20.     Attached as **Exhibit D** is a copy of United States Trademark
Registration No. 4,981,627 (the " '627 Mark").  The USPTO awarded the '627
Mark to McLeod Software for the MCLEOD SOFTWARE logo in stylized form
registered in connection with the same goods and services as the '604 Mark except
for the Training Services.  The '604 and '627 Marks are referred to herein
collectively as the "McLeod Software® Marks" and/or the "McLeod Software®
brand".

21.     In promoting and selling its products and services, McLeod Software
uses the ® symbol adjacent the McLeod Software® Marks to put the public,
including those operating and/or competing in the trucking and brokerage industry,
on notice of McLeod Software's registered ownership in its brand including the
'604 and '627 Marks.

22.     Prior to engaging in the wrongful conduct described herein, Defendant
was or should have been aware of McLeod Software's registered ownership in the
McLeod Software® Marks.

**DEFENDANT'S WRONGFUL CONDUCT**

23.    It has recently come to McLeod Software's attention that Defendant has begun using the McLeod Software® Mark, without McLeod Software's consent or authorization, in connection with the promotion and offering for sale of Defendant's products and/or services.

24.    Defendant has incorporated the McLeod Software® Mark into at least one of its URL's, https://teknowlogi.com/mcleod-software/, where Defendant maintains a webpage for purposes of promoting and offering for sale its products and services using the McLeod Software® Mark prominently. *See* **Exhibit E**, including a true and correct copy of a screen shot downloaded from Defendant's website on February 14, 2020.

25.    Defendant purposefully and prominently displays the McLeod Software® Mark at least 5 times in the upper right corner of the webpage at https://teknowlogi.com/mcleod-software/ as shown below and circled in red:



26.     Defendant boldly highlights and capitalizes the McLeod Software®

Mark in the stacked tag line "**_MCLEOD SOFTWARE_** _Options to Explode Your_

_Business This Year_" on the left side of the opening screen of its video.

27.     In addition, Defendant repeats its use of the McLeod Software® Mark

in the horizontal tag line "McLeod Software Options to Explode Your Business

This Year" across the top of the opening page of its video.

28.     Still further, Defendant is offering what appears to be a McLeod Software® product stating boldly in capital lettering across the top of the webpage "MCLEOD SOFTWARE ALTERNATIVE THAT WILL EXPLODE YOUR REVENUE".

29.     Attached hereto as **Exhibit F** is a copy of the webpage downloaded on February 17, 2020 from https://teknowlogi.com/mcleod-software/ with many additional unauthorized uses of the McLeod Software® Mark highlighted.

30.     Each of Defendant's uses of the McLeod Software® Mark, and variants thereof such as "McLeod" and/or "McCloud", is a deliberate effort to deceive the public and intentionally trade off of the goodwill and reputation in the McLeod Software® brand.  For example, Defendant appears to be offering for sale "McLeod Software Options" that will "Explode Your Business This Year" and Defendant touts the benefits of these McLeod Software Options such as "*With Mcleod software as a cloud-based solution, you don't have to buy any equipment… With Mcleod software all servers are being hosted online, so you don't have to worry about them going down…There are many benefits of Mcleod software versus an installed solution… So by utilizing...Mcleod software as a service solution, you don't have to worry about that…*" *See* **Exhibit F** or https://teknowlogi.com/mcleod-software/.

31.     Additionally, Defendant is promoting its products and services for sale through its YouTube channel where it again misuses the McLeod Software® Mark without authorization or consent of McLeod Software.  Below is a partial screenshot downloaded from Defendant's YouTube channel on February 17, 2020:





As circled in red, Defendant prominently displays the McLeod Software® Mark without authorization or consent of McLeod Software and for purposes of deceiving the public as Defendant is promoting and offering for sale products and services other than McLeod Software® products and services.

32.     Upon information and belief, Defendant, at all relevant times, has been fully aware that "McLeod Software" is a registered trademark belonging exclusively to McLeod Software and designating exclusively products and services that originate from McLeod Software.

33.     Defendant is promoting and offering for sale its products and/or services to the consuming public that is familiar with McLeod Software and McLeod Software® products and services, including actual and potential customers of McLeod Software® products and services.

34.     On January 23, 2020, the undersigned counsel for McLeod Software sent a cease and desist letter to Defendant notifying Defendant of McLeod Software's objections to Defendant's wrongful conduct and seeking to have Defendant correct its wrongful conduct. A true and correct copy of this letter is attached hereto as **Exhibit G**.

35.     The letter was delivered by Federal Express on January 27, 2020 to the contact address Defendant provides on its website and its LinkedIn profile

page.  *See* **Exhibit H** attached hereto including a true and correct copy of the signed receipt for delivery provided by Federal Express.

36.     Neither McLeod Software nor the undersigned counsel has received any response from Defendant to this letter.

37.     On February 6, 2020, the undersigned counsel also reached out to the Organizer, Founder and CEO of Defendant, Mr. Spencer Askew, directly.  The undersigned counsel sent Mr. Askew a direct message via LinkedIn informing him of the January 23rd letter and requesting that he or his counsel provide a response. A true and correct copy of a screenshot of this message is attached hereto as **Exhibit I**.

38.     There has been no response from Mr. Askew, Defendant, or Defendant's counsel.

39.     Upon information and belief, Defendant's wrongful activities with regard to misusing the McLeod Software® brand are not limited to the above examples and are designed intentionally to create a likelihood of confusion, deception and/or mistake among the consuming public as to the true source of origin of the products and/or services Defendant is offering for sale and selling and as to whether the products and/or services Defendant is offering for sale and selling

are associated with, sponsored by, affiliated with McLeod Software or McLeod Software's products or services.

40.    Defendant's wrongful conduct is causing irreparable harm to McLeod Software and will continue to cause such harm unless and until Defendant's conduct is stopped or enjoined.

41.    McLeod Software has been forced to retain the undersigned counsel to bring this action, and is obligated to pay their reasonable fees.

## COUNT I
### (Trademark Infringement– 15 U.S.C. § 1114)

42.    McLeod Software restates and incorporates the averments set forth in the above paragraphs as if fully set forth herein.

43.    McLeod Software possesses valid and enforceable rights in the '604 Mark by virtue of the USPTO's issuance of United States Trademark Registration No. 4,981,604 to McLeod Software.

44.    By virtue of the substantial uses, advertising, promotion, and consumer and marketplace recognition of the McLeod Software® brand for many years, the '604 Mark is distinctive, has garnered substantial goodwill and reputation associated exclusively with McLeod Software and McLeod Software's products and services, and is entitled to protection against likely confusion, deception or mistake.

45.     Defendant commenced the activities complained of herein after the '604 Mark had become distinctive and had been registered by the USPTO.

46.     Defendant's conduct is willful, deliberate, in bad faith, and undertaken with knowledge of McLeod Software's prior rights, and with full knowledge that Defendant has no right, license, or authority to use the McLeod Software® brand, including the '604 Mark, or any confusingly similar variant thereof.

47.     Defendant's unauthorized and wrongful conduct in connection with misusing the '604 Mark is likely to cause confusion, mistake, and/or deception among the consuming public as to the sponsorship, affiliation, connection, or association of Defendant or Defendant's commercial activities with McLeod Software or McLeod Software's commercial activities, and/or as to the source, origin, sponsorship, or approval of Defendant's goods or services or commercial activities by McLeod Software.

48.     Defendant's aforementioned acts constitute willful violation of McLeod Software's rights in violation of the Lanham Act, Section 32, 15 U.S.C. § 1114.

49.     Defendant's unauthorized uses of the McLeod Software® brand, including the '604 Mark, in connection with the advertising, promotion, and offering for sale of Defendant's products and services, as alleged above, were

intentionally undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill in the United States associated with the McLeod Software® brand.

50.     McLeod Software has been and will continue to be harmed by Defendant's wrongful conduct.

51.     By such wrongful acts, Defendant has caused, and unless restrained by the Court under 15 U.S.C. § 1116 will continue to cause, serious irreparable injury and damage to McLeod Software and to the goodwill associated with the McLeod Software® brand, including the '604 Mark.  This harm constitutes an injury for which McLeod Software has no adequate remedy at law.

52.     As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has been unjustly enriched while McLeod Software continues to suffer injury in an amount not yet ascertained.

## COUNT II
**(Unfair Competition, False Designation of Origin, and False and/or Misleading Advertising – 15 U.S.C. § 1125(a))**

53.     McLeod Software restates and incorporates the averments set forth in the above paragraphs as though fully set forth herein.

54.     McLeod Software possesses valid and enforceable rights in the McLeod Software® brand, including the '604 and '627 Marks, by virtue of

McLeod Software's substantially exclusive and continuous uses, promotion, and advertising of the McLeod Software® Marks for many years, and has possessed such rights at all times material hereto.

55.     By virtue of the substantial uses, advertising, promotion, and consumer and marketplace recognition of the McLeod Software® brand for many years, the McLeod Software® brand has become distinctive, and is entitled to protection against likely confusion, deception or mistake, and against false or misleading descriptions or representations of fact associated with McLeod Software, McLeod Software® products and services, and/or the McLeod Software® Marks.

56.     Defendant commenced the activities complained of herein after the '604 Mark had become distinctive and had been registered by the USPTO.

57.     Defendant's conduct is willful, deliberate, in bad faith, and undertaken with knowledge of McLeod Software's prior rights in the McLeod Software® Marks, and with full knowledge that Defendant has no right, license, or authority to use any of the McLeod Software® Marks, or any confusingly similar variant thereof.

58.     Defendant's unauthorized and wrongful conduct in connection with misusing the McLeod Software® Marks is likely to cause confusion, mistake,

and/or deception among the consuming public as to the sponsorship, affiliation, connection, or association of Defendant or Defendant's commercial activities with McLeod Software or McLeod Software's commercial activities, and/or as to the source, origin, sponsorship, or approval of Defendant's goods or services or commercial activities by McLeod Software.

59.    Defendant's wrongful conduct constitutes a false designation of origin, sponsorship, approval, or certification, and/or a false description or representation of fact, in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

60.    Defendant's aforementioned acts constitute willful violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

61.    McLeod Software has been and will continue to be harmed by Defendant's wrongful conduct.

62.    By such wrongful acts, Defendant has caused, and unless restrained by the Court under 15 U.S.C. § 1116 will continue to cause, serious irreparable injury and damage to McLeod Software and to the goodwill associated with McLeod Software® Marks.  This harm constitutes an injury for which McLeod Software has no adequate remedy at law.

63.     As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has been unjustly enriched while McLeod Software continues to suffer injury in an amount not yet ascertained.

## COUNT III
### (Unfair and Deceptive Trade Practices under
### O.C.G.A. § 10-1- 370 *et seq.*)

64.     McLeod Software restates and incorporates the averments set forth in the above paragraphs as though fully set forth herein.

65.     The acts of Defendant complained of herein constitute deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1- 372.

66.      As a result of McLeod Software's hard work and substantial investments in producing, providing, and promoting its products and services associated with the McLeod Software® brand, all of which occurred long before Defendant's wrongful acts complained of herein began, McLeod Software has built up valuable goodwill in the McLeod Software® brand.  As such, the McLeod Software® Marks have become associated with McLeod Software's products and services, and have come to symbolize the reputation for high-quality standards of McLeod Software® products and services.

67.     Defendant, with full knowledge of the McLeod Software® Marks and of McLeod Software's prior use of same, intended to and did trade on the goodwill associated with the McLeod Software® Marks.

68.     Defendant's wrongful conduct has misled and continues to mislead and deceive the public as to the source of the goods and services offered by Defendant, permit and accomplish passing off of the goods and/or services offered by Defendant as those of McLeod Software, and/or falsely suggest a connection with McLeod Software.

69.     Therefore, Defendant has committed unfair and deceptive trade practices in violation of Georgia law O.C.G.A. § 10-1-372.

70.     McLeod Software has been and will continue to be harmed by Defendant's wrongful conduct.

71.     Defendant's aforesaid acts have irreparably harmed McLeod Software and will continue to irreparably harm McLeod Software unless enjoined by the Court, as a result of which McLeod Software is without adequate remedy at law.

72.     As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has been unjustly enriched while McLeod Software continues to suffer injury in an amount not yet ascertained.

## COUNT IV
### (Trademark Infringement and Unfair Competition
### under Georgia Law)

73.    McLeod Software restates and incorporates the averments set forth in the above paragraphs as if fully set forth herein.

74.    Defendant's unauthorized uses of the McLeod Software® Marks in connection with Defendant's advertising, promotion, and offering for sale of its products and services is likely to cause confusion, mistake and/or deception among the consuming public as to the source, origin and/or sponsorship of Defendant's business, products and/or services.  The consuming public is likely to believe that Defendant's products and/or services are somehow affiliated or associated with, or licensed, sponsored, or endorsed by McLeod Software, when such is not the case.

75.    Defendant's unauthorized uses of the McLeod Software® Marks have been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of deceiving the public, and trading on and benefiting from the substantial reputation and goodwill associated with the McLeod Software® Marks.

76.    Defendant's conduct alleged herein constitutes trademark infringement and unfair competition in violation of O.C.G.A. § 23-2-55.

77.    McLeod Software has been and will continue to be harmed by Defendant's wrongful conduct.

78.     Defendant's aforesaid acts have irreparably harmed McLeod Software and will continue to irreparably harm McLeod Software unless enjoined by the Court, as a result of which McLeod Software is without adequate remedy at law.

79.     As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has been unjustly enriched while McLeod Software continues to suffer injury in an amount not yet ascertained.

80.     In addition, Defendant's misconduct has been fraudulent, willful and malicious, such that it raises the presumption of conscious indifference to the consequences of its actions, thereby entitling McLeod Software to an award of exemplary damages in an amount to be determined by the enlightened conscience of the jury.

## COUNT V
### (Trademark Infringement and Unfair Competition under the Common Law of Georgia)

81.     McLeod Software restates and incorporates the averments set forth in the above paragraphs as if fully set forth herein.

82.     Defendant's unauthorized uses of the McLeod Software® Marks in connection with Defendant's advertising, promotion, and offering for sale of its products and services is likely to cause confusion, mistake and/or deception among the consuming public as to the source, origin and/or sponsorship of Defendant's

business, products and/or services.  The consuming public is likely to believe that Defendant's products and/or services are somehow affiliated or associated with, or licensed, sponsored, or endorsed by McLeod Software, when such is not the case.

83.    Defendant's unauthorized uses of the McLeod Software® Marks have been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of deceiving the public, and trading on and benefiting from the substantial reputation and goodwill associated with the McLeod Software® Marks.

84.    Defendant's conduct alleged herein constitutes trademark infringement and unfair competition in violation of the common law of Georgia.

85.    McLeod Software has been and will continue to be harmed by Defendant's wrongful conduct.

86.    Defendant's aforesaid acts have irreparably harmed McLeod Software and will continue to irreparably harm McLeod Software unless enjoined by the Court, as a result of which McLeod Software is without adequate remedy at law.

87.    As the direct and proximate result of Defendant's deliberate and intentional infringement, Defendant has been unjustly enriched while McLeod Software continues to suffer injury in an amount not yet ascertained.

88.    In addition, Defendant's misconduct has been fraudulent, willful and malicious, such that it raises the presumption of conscious indifference to the

consequences of its actions, thereby entitling McLeod Software to an award of exemplary damages in an amount to be determined by the enlightened conscience of the jury.

## JURY DEMAND

89.    McLeod Software demands a trial by jury on all disputed issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, McLeod Software demands a judgment in its favor and the following relief:

1.    Preliminary and permanent injunctions enjoining Defendant, its successors or assigns, and its officers, directors, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, divisions, subsidiaries and related entities, and all others acting in concert or participation with Defendant, from doing any of the following:

a.    Using, displaying, marketing, advertising, copying, imitating, diluting, or infringing upon any of the McLeod Software® Marks, or any such similar mark or copy or image thereof, to advertise, promote the sale of, or to identify or refer to any product or service offered by Defendant or any third party; and

    b.   Making, in any manner whatsoever, any statement or representation, or performing any act likely to lead members of the public to believe that Defendant, or the products or services offered by Defendant, are in any manner, directly or indirectly, associated, affiliated, connected with, or approved by, or originating from McLeod Software; and

    c.   Using any of the McLeod Software® Marks, or any variant thereof, including without limitation "McLeod", "McCloud", "McLeod Software Option…", or "McLeod Software Alternative…", in any URL, domain name, subdomain, or post-domain, or in any manner or media to promote and/or sell any products or services of Defendant or any other third party; and

2.    A decree ordering Defendant to take down immediately, remove from public view, and destroy all materials and the video currently posted by Defendant at https://teknowlogi.com/mcleod-software/ and on its YouTube channel;

3.    A decree ordering an accounting by Defendant to establish all profits realized as a result of the wrongful acts by Defendant set forth in this Complaint, and any other wrongful acts by Defendant to be set forth at trial;

4.    Judgment finding that Defendant's wrongful conduct is and/or was willful;

5.      Judgment against Defendant specifically including, but not limited to the following, to the extent allowed by law:

      a.   actual monetary damages sustained by McLeod Software;

      b.   seizure of and delivery for destruction of all infringing advertisements and materials in Defendant's possession, custody or control;

      c.   profits earned by Defendant as a result of the unlawful acts;

      d.   exemplary, punitive, and treble damages where authorized by law;

      e.   costs and prejudgment interest; and

      f.   attorneys' fees; and

6.      Such other and further relief as the Court deems appropriate and just under the circumstances.

Dated: February 18, 2020                    Respectfully submitted,

                                                      Powell IP Law, LLC

                                                    */s/ Michael J. Powell*
                                                    Michael J. Powell
                                                    GA Bar No. 586275
                                                    10 Glenlake Parkway, Suite 130
                                                    Atlanta, Georgia 30328
                                                    Telephone: (678) 222-3444
                                                    mjp@NavigatingIP.com

                                                    *Attorneys for Tom McLeod Software Corp.*

## VERIFICATION

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury that the statements of fact in the foregoing Verified Complaint are true and correct.

This 18th day of February, 2020.

J. Mark Hughes
Vice President of Administration and General
 Counsel
Tom McLeod Software Corp.