## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TOM MCLEOD SOFTWARE CORPORATION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CIVIL ACTION FILE** |
| **v.** | ) ) | **NO. 1:20-CV-00732-JPB** |
| **TEKNOWLOGI APPLIED INTELLIGENCE, LLC** | ) ) ) | |
| **Defendant.** | ) ) | |

## TEKNOWLOGI APPLIED INTELLIGENCE, LLC'S
## ANSWER AND COUNTERCLAIMS

Defendant Teknowlogi Applied Intelligence, LLC ("Teknowlogi"), by and through undersigned counsel, responds to Plaintiff Tom McLeod Software Corporation's ("Plaintiff") Complaint as follows:

## ANSWER

1.    Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and therefore it is denied.

2.    Teknowlogi admits that it is a corporation organized under the laws of the State of Georgia.  The remainder of the allegations of this paragraph are denied.

13453067–3

3.    Teknowlogi admits that Plaintiff purports to assert the claims set forth in this paragraph.  Teknowlogi denies those claims or that Plaintiff is entitled to any relief.

4.    Teknowlogi admits that this Court has subject matter jurisdiction over this action.

5.    Teknowlogi admits that this Court has personal jurisdiction over it.

6.    Teknowlogi admits that venue is proper in this Court.

7.    Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

8.    Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

9.    Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

10.    Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

11.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

12.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

13.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

14.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

15.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

16.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

17.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

18.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

19.     Teknowlogi admits that Exhibit C purports to be a certificate of trademark registration.  Teknowlogi lacks knowledge or information sufficient to form a belief about the remainder of the allegations of this paragraph, which therefore stand denied.

20.     Teknowlogi admits that Exhibit D purports to be a certificate of trademark registration.  Teknowlogi lacks knowledge or information sufficient to form a belief about the remainder of the allegations of this paragraph, which therefore stand denied.

21.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

22.     Denied.

23.     Denied.

24.     Teknowlogi admits that Exhibit E includes a portion of a single blog post previously hosted on Teknowlogi's website.    Exhibit E, however, is incomplete and does not include the entire blog post in question.    All other allegations of this paragraph are denied.

25.     Teknowlogi admits that the image depicted represents a portion of a single blog post previously hosted on Teknowlogi's website.    That image, however, is incomplete and does not include the entire blog post in question.  All other allegations of this paragraph are denied.

26.     Teknowlogi admits that the quoted language appears without any emphasis on the video in question.  All other allegations of this paragraph are denied.

27.     Teknowlogi admits that the quoted language appears without any emphasis on the video in question.  All other allegations of this paragraph are denied.

28.     Teknowlogi admits that the quoted language appears without any emphasis on the webpage in question.  All other allegations of this paragraph are denied.

29.     Teknowlogi admits that Exhibit F depicts a portion of a single blog post that previously appeared on Teknowlogi's website.  All other allegations of this paragraph are denied.

30.     Denied.

31.     Teknowlogi admits that the video depicted appeared on Teknowlogi's YouTube channel.  All other allegations of this paragraph are denied.

32.     Denied.

33.     Denied.

34.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

35.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

36.     Teknowlogi admits that it did not respond to the letter because it did not receive it.

37.     Teknowlogi lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, which therefore stand denied.

38.     Teknowlogi admits that it did not respond to the LinkedIn message because it did not receive it prior to the filing of this lawsuit.

39.     Denied.

40.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

41.     Denied.

## COUNT I

42.     The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth here.

43.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

44.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

45.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

## **COUNT II**

53.     The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth here.

54.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

55.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

56.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

## COUNT III

64.    The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth here.

65.    Denied.

66.    Teknowlogi denies having committed any "wrongful acts."  All other allegations of this paragraph constitute a legal conclusion to which no response is required.  To the extent a response is required, those allegations are denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

## COUNT IV

73.    The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth here.

74.    Denied.

75.    Denied.

76.    Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

## COUNT V

81.     The allegations of the preceding paragraphs are incorporated herein by reference as if fully set forth here.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

## JURY DEMAND

89.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, this paragraph is denied.

WHEREFORE, Teknowlogi denies that Plaintiff is entitled to any of the relief set forth in the numbered paragraphs one through six following paragraph 89.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of fair use.

### SEVENTH AFFIRMATIVE DEFENSE

Teknowlogi has not infringed Plaintiffs' alleged Marks.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged Marks are invalid.  They are surnames and have not acquired secondary meaning.

## COUNTERCLAIM

Defendant-Counterclaimant Teknowlogi Applied Intelligence, LLC ("Teknowlogi") counterclaims against Plaintiff Tom McLeod Software Corporation ("Plaintiff") as follows:

1.     Teknowlogi is a Georgia limited liability company with its principal place of business in California

2.     According to Plaintiff, it is an Alabama corporation with its principal place of business in Alabama.

3.     This is a counterclaim for a declaratory judgment pursuant to 28 U.S.C. § 2201, for cancellation of a federal trademark registration pursuant to 15 U.S.C. § 1119, and for fraudulent registration under 15 U.S.C. § 1120.

4.     This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. §§ 1119 and 1121.

5.     By its Complaint, Plaintiff has submitted to the jurisdiction and venue of this Court.  Furthermore, venue is in this Court is proper under 28 U.S.C. § 1391.

6.     Plaintiff sells installation-based transportation management software and claims to be the owner of two trademarks for MCLEOD SOFTWARE in both plain and stylized form ("Plaintiff's Marks").

7.     Without admitting the validity of any such registrations, Plaintiff obtained federal registrations for Plaintiff's Marks, specifically: 1) Registration No. 4,981,604 for MCLEOD SOFTWARE in standard character form (the "Word Mark") and 2) Registration No. 4,981,627 for a stylized logo that is comprised primarily of the phrase MCLEOD SOFTWARE (the "Logo Mark").

8.     Plaintiff was founded by Thomas E. McLeod and, as a result, is named after and bears Mr. McLeod's surname.

9.     The McLeod surname is not rare.

10.     Marks that are "primarily merely a surname" are regarded as descriptive terms and are not entitled to trademark protection or registration unless the one who claims trademark rights proves that the name has acquired secondary meaning/acquired distinctiveness.  15 U.S.C. § 1052(e)(4).

11.     In recognition of this, the United States Patent and Trademark Office ("USPTO"), in response to Plaintiff's application for registration of the Word Mark, issued an office action stating that the USPTO was refusing the application on the grounds that the Word Mark was primarily a surname.  In support of this conclusion, the USPTO further noted:

a.  that the McLeod surname was not rare and appeared over 50,000 times in a weekly updated directly of cell phone and other phone numbers from various data providers;

b.  that the trademark application was signed by Mr. McLeod, thereby demonstrating that it was a surname;

c.  that the term McLeod looks and sounds like a surname because "MC" is a common beginning to Irish and Scottish surnames; and

d.  Plaintiff having combined the surname with the term SOFTWARE did not overcome the mark's surname significance because "SOFTWARE" was a generic description for Plaintiff's services.

12.   The USPTO concluded that "the mark is primarily merely a surname and registration is refused."

13.   As is customary, however, the USPTO informed Plaintiff that the Word Mark could be registerable on the Principal Register of the USPTO if it had become distinctive of Plaintiff's services.

14.   Plaintiff subsequently filed a response to the USPTO's office action.

15.   In that response, Plaintiff represented that "The mark has become distinctive of the goods/services through the applicant's substantially exclusive and

continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement."

16.    Thus, Plaintiff conceded that the Word Mark, as primarily a surname, was not inherently distinctive and could not be registered or protected in the absence of secondary meaning/acquired distinctiveness.

17.    Plaintiff, however, represented that the Word Mark had acquired distctiveness/secondary meaning.

18.    Plaintiff offered no actual evidence of secondary meaning/acquired distinctiveness to the USPTO.

19.    Upon information and belief, the Word Mark had not acquired distinctiveness/secondary meaning.

20.    Accordingly, and upon information and belief, Plaintiff's representation was false and the Word Mark was not entitled to protection or registration.

21.    At or near the time Plaintiff filed the application for registration of the Word Mark, it also filed an application for registration of the Logo Mark.

22.    The Logo Mark is comprised primarily of the term MCLEOD SOFTWARE.

23.   As a result, the Logo Mark was also not entitled to protection or registration for the same reasons as the Word Mark: to wit, upon information and belief, it had not acquired secondary meaning.

24.   In both trademark applications, Plaintiff disclaimed any claim to the exclusive right to use the term "SOFTWARE" apart from the use of Plaintiff's Marks as shown.

25.   Upon information and belief, Plaintiff's Marks still have not acquired distinctiveness/secondary meaning.

## COUNTERCLAIM COUNT I
## DECLARATORY JUDGMENT REGARDING INVALIDITY

26.   Teknowlogi hereby incorporates Paragraphs 1-25 above.

27.   There is an actual controversy between Plaintiff and Teknowlogi regarding the validity of Plaintiff's Marks.

28.   Plaintiff's Marks are invalid because they are primarily surnames and have not acquired secondary meaning.

29.   Pursuant to 28 U.S.C. § 2201, the Court should declare Plaintiff's Marks invalid and unenforceable.

## COUNTERCLAIM COUNT II
## CANCELLATION OF REGISTERED MARK

30.   Teknowlogi hereby incorporates Paragraphs 1-25 above.

31.   There is an actual controversy between Plaintiff and Teknowlogi regarding the Teknowlogi infringed on Plaintiff's Mark.

32.   Plaintiff's Marks are invalid because they are primarily surnames and have not acquired secondary meaning.

33.   Pursuant to 15 U.S.C. § 1119, the Court should order that the registrations for Plaintiff's Marks be cancelled.

## COUNTERCLAIM COUNT III
## FRAUD ON THE UNITED STATES PATENT AND TRADEMARK OFFICE

34.   Teknowlogi hereby incorporates Paragraphs 1-25 above.

35.   Plaintiff procured its registration of Plaintiff's Word Mark by the false and fraudulent declarations and representations set forth above.

36.   These false and fraudulent declarations and representations were material.

37.   Upon information and belief, Plaintiff knew these statements were false.

38.   Teknowlogi has suffered injury and damage on account of Plaintiff's conduct.

39.   Under 15 U.S.C. § 1120, Plaintiff is liable for such injury and damage.

40.    Teknowlogi requests a trial by jury on all issues so triable.

WHEREFORE, Teknowlogi prays that this Court:

(a)    Enter judgment in favor of Teknowlogi and against Plaintiff as to Plaintiff's claims;

(b)    Dismiss Plaintiff's claims;

(b)    Enter judgment in favor of Teknowlogi and against Plaintiff under Count I of Teknowlogi's counterclaims and enter a declaration that Plaintiff's Marks are invalid.

(c)    Enter judgment in favor of Teknowlogi and against Plaintiff under Count II of Teknowlogi's counterclaims and enter an order cancelling Plaintiff's registrations of Plaintiff's Marks.

(d)    Enter judgment in favor of Teknowlogi and against Plaintiff under Count III of Teknowlogi's counterclaims for all damages sustained by Teknowlogi as a result of Plaintiff's false and fraudulent registration.

(e)    Award Teknowlogi its attorneys' fees pursuant to 15 U.S.C. § 1117.

(f)    Cast all costs of this action against Plaintiff; and

(g)    Grant Teknowlogi such other and further relief as this Court deems proper.

Respectfully submitted this 31st day of May, 2020.

Respectfully submitted this 31st day of May, 2020.

**MORRIS, MANNING & MARTIN, LLP**

By:  */s/Stephen M. Vaughn*
    Stephen M. Vaughn
    Georgia Bar No. 219482
    svaughn@mmmlaw.com
    Lauren C. Dugas
    Georgia Bar No. 554287
    ldugas@mmmlaw.com
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Tel.: (404) 233-7000
Fax: (404) 365-9532

*Attorneys for Teknowlogi Applied Intelligence, LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to LR 7.1D, the undersigned certifies that the foregoing has been prepared in 14 point Times New Roman font, one of the four fonts and points approved by the Court in LR 5.1C.

This 31st day of May, 2020.

*/s/ Stephen M. Vaughn*
Stephen M. Vaughn
Georgia Bar No. 219482

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **TOM MCLEOD SOFTWARE CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | |
| | ) | **NO. 1:20-CV-00732-JPB** |
| **TEKNOWLOGI APPLIED INTELLIGENCE, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the within and foregoing **DEFENDANT TEKNOWLOGI APPLIED INTELLIGENCE, LLC'S ANSWER AND COUNTERCLAIMS** by electronically filing with the Court's CM/ECF system providing electronic service to counsel listed below:

> Michael J. Powell
> Powell IP Law, LLC
> 10 Glenlake Parkway, Suite 130
> Atlanta, Georgia 30328

This 31st day of May, 2020.

*/s/Stephen M. Vaughn*
Stephen M. Vaughn
Georgia Bar No. 219482

- 21 -