## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TOM MCLEOD SOFTWARE CORPORATION, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| v. | ) | |
| | ) | **1:20-CV-00732-JPB** |
| TEKNOWLOGI APPLIED INTELLIGENCE, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, Plaintiff Tom McLeod Software Corporation ("Plaintiff" or "McLeod Software") and Defendant Teknowlogi Applied Intelligence, LLC ("Defendant" or "TAI") hereby jointly file this Joint Preliminary Report and Discovery Plan.

**1. Description of Case:**

   **(a)    Describe briefly the nature of this action.**

This is an action for trademark infringement, unfair competition, false designation of origin, false and/or misleading advertising, and related claims pursuant to 15 U.S.C. §§ 1, *et seq*., including §§ 1114, 1125(a), and for related claims of unfair and deceptive trade practices, trademark infringement, and unfair

competition under the laws of the State of Georgia.  Additionally, this action includes counterclaims under 28 U.S.C. § 2201 and 15 U.S.C. § 1119 seeking to have U.S. trademark registrations declared invalid and cancelled, and under 15 U.S.C. § 1120 seeking damages for fraudulent trademark registration.

     **(b)**    **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>For Plaintiff</u>:

     Plaintiff's claims involve the Defendant's infringement, unfair competition, false designation of origin, false and/or misleading advertising, and/or deceptive trade practices in connection with Plaintiff's registered and unregistered trademarks.  Since the 1980's, Plaintiff has been a leading transportation software provider to the trucking and brokerage industry in the United States.  Over many years now and through its extensive advertising, marketing, promotion, active participation in the trucking and brokerage industry, and partnering with many companies in the industry, Plaintiff's McLeod Software® name and logo have become trademarks widely recognized by those in the industry and end users of its software solutions.  On June 21, 2016, the United States Patent & Trademark Office ("USPTO") issued U.S. Trademark Registration Nos. 4,981,604 and 4,981,627 (the " '604 and '627 Registrations") to Plaintiff.

Before initiating this Action, Plaintiff discovered that Defendant, which had been incorporated in September 2018, had begun using Plaintiff's marks without authorization.  Defendant was doing so intentionally in an effort to cause a likelihood of confusion, deception and mistake among consumers and/or to engage in advertising that was false and/or misleading for the purpose of promoting and selling Defendant's software solutions in an unlawful manner.   Defendant's unlawful actions were designed to profit to the detriment of consumers and to cause injury to Plaintiff and to Plaintiff's reputation and goodwill symbolized by Plaintiff's marks.  Plaintiff sought without success to have Defendant correct its unlawful actions before initiating this Action.  Plaintiff is entitled to injunctive relief against further unlawful actions by Defendant and to recover damages, costs and attorneys' fees from Defendant.

In response to this Action, Defendant has denied Plaintiff's allegations and asserted 3 counterclaims – first, for declaratory judgment relief seeking to have the Court declare the '604 and '627 Registrations invalid because "they are primarily surnames and have not acquired secondary meaning"; second, for cancellation of the '604 and '627 Registrations under 15 U.S.C. § 1119 because "they are primarily surnames and have not acquired secondary meaning"; and third, for damages under 15 U.S.C. § 1120 due to "Plaintiff's false and fraudulent

3

registration" of the '604 Registration.  Plaintiff denies the allegations set forth in

Defendant's Counterclaims, denies Defendant is entitled to any of the relief

requested, and raises several affirmative defenses showing that the Counterclaims

are baseless and should be barred and/or dismissed particularly in view of the

detailed allegations set forth in the Verified Complaint.

    <u>For Defendant</u>:

    This cases arises out of a single blog post that was briefly posted to

Defendant's website.  The purpose of that post was to contrast Defendant's cloud-

based transportation management software with Plaintiff's installation-based

software.  That blog post fairly and accurately compared the parties' offerings.  As

a result, Defendant's alleged use of Plaintiff's name "McLeod Software" was a

permissible, non-confusing comparative advertisement.  In addition, the blog post

in question received little to no traffic, resulting in no business for Defendant, and

resulted in no lost business for Plaintiff.  As a result, Defendant bears no liability to

Plaintiff.

    In addition, Plaintiff's asserted marks are not protectable surnames that have

not acquired secondary meaning.  Plaintiff's claims fail for this reason as well, and

its trademark registrations are subject to cancellation.

**(c)    The legal issues to be tried are as follows:**

<u>For Plaintiff</u>:

1) Whether Defendant has committed acts of trademark infringement. (15 U.S.C. § 1114).

2) Whether Defendant has committed acts of unfair competition, false designation of origin, and/or false or misleading advertising. (15 U.S.C. § 1125(a)).

3) Whether Defendant has committed acts of unfair and deceptive trade practices (O.C.G.A. § 10-1- 370 *et seq.*).

4) Whether Defendant has committed acts of trademark infringement and unfair competition under Georgia law (O.C.G.A. § 23-2-55).

5) Whether Defendant has committed acts of trademark infringement and unfair competition under Georgia common law.

6) Whether Defendant has willfully engaged in the aforesaid acts.

7) Whether Defendant should be enjoined from engaging in the aforesaid acts.

8) The amount of damages owed to Plaintiff as a result of Defendant's aforesaid actions.

9) The amount of costs and attorneys' fees owed to Plaintiff as a result of

Defendant's aforesaid actions.

10) Any such other and further relief that the Court deems appropriate and just under the circumstances.

11) Whether Defendant's Counterclaims are barred because each of Plaintiff's marks had and has acquired distinctiveness.

12) Whether Defendant's Counterclaims are barred because United States Trademark Registrations Nos. 4,981,604 and 4,981,627 were properly registered by the USPTO and are valid and enforceable.

13) Whether Defendant is entitled to declaratory relief under 28 U.S.C. § 2201.

14) Whether Defendant is entitled to any relief under 15 U.S.C. § 1119.

15) Whether Defendant's Counterclaims are barred because Defendant has suffered no injury nor any damages due to the registration of Plaintiff's Marks.

16) Whether Defendant's Counterclaims are barred because Defendant has suffered no damages resulting from any conduct by Plaintiff rather Defendant's damages, if any, were caused by the acts or omissions of individuals and/or entities over whom or which Plaintiff exercised no control.

For Defendant:

1)      Whether Defendant committed acts of trademark infringement. (15 U.S.C. § 1114).

2)      Whether Defendant committed acts of unfair competition, false designation of origin, and/or false or misleading advertising. (15 U.S.C. § 1125(a)).

3)      Whether Defendant committed acts of unfair and deceptive trade practices (O.C.G.A. § 10-1- 370 *et seq.*).

4)   Whether Defendant committed acts of trademark infringement and unfair competition under Georgia law (O.C.G.A. § 23-2-55).

5)   Whether Defendant committed acts of trademark infringement and unfair competition under Georgia common law.

6)   Whether Plaintiff suffered any damages as a result of the conduct alleged in the complaint.

7)   Whether Defendant gained any business as a result of the conduct alleged.

8)   Whether Plaintiff's claims are barred by the doctrine of nominative fair use.

9)   Whether Plaintiff's alleged trademarks had acquired secondary

meaning at the time of the alleged use.

10) Whether Defendant is entitled to attorneys' fees and the amount of those fees.

11) Whether Defendant is entitled to a declaratory judgment that Plaintiff's alleged trademarks are invalid.

12) Whether the registrations for Plaintiff's alleged trademarks should be cancelled.

13) Whether Plaintiff committed fraud on the United States Patent and Trademark Office in connection with the applications for registration of Plaintiff's alleged marks.

14) The amount of damages Defendant is entitled to as a result of Plaintiff's fraud on the United States Patent and Trademark Office.

   **(d)**   **The cases listed below (include both style and action number) are:**

      (1)   Pending Related Cases: None.

      (2)   Previously Adjudicated Related Cases: None.

2. **This case is complex because it possesses one (1) or more of the features listed below (please check):**

     \_\_\_\_\_(1)     Unusually large number of parties

     \_\_\_\_\_(2)     Unusually large number of claims or defenses

     \_\_\_\_\_(3)     Factual issues are exceptionally complex

     \_\_\_\_\_(4)     Greater than normal volume of evidence

     \_\_\_\_\_(5)     Extended discovery period is needed

     X\_\_\_\_\_(6)     Problems locating or preserving evidence

     \_\_\_\_\_(7)     Pending parallel investigations or actions by the government

     X\_\_\_\_\_(8)     Multiple use of experts

     \_\_\_\_\_(9)     Need for discovery outside United States boundaries

     X\_\_\_\_\_(10)     Existence of highly technical issues and proof

3. **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties.

     Plaintiff:     Michael J. Powell, *Powell IP Law, LLC*

     Defendant:     Stephen Vaughn, *Morris Manning & Martin, LLP*

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

     \_\_\_\_\_ Yes     \_\_X\_\_\_No

**5.  Parties to This Action**

**(a)    The following persons are necessary parties who have not yet been joined:**

At this time, Plaintiff and Defendant are not aware of any necessary parties who have not yet been joined.

**(b)     The following persons are improperly joined as parties:**

None.

**(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

The parties named in this Action are accurately stated in the Complaint.

**(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.  Amendments to the Pleadings**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:**

- Plaintiff anticipates Defendant's Counterclaims will need to be replead, amended or dismissed to the extent they fail to allege fraud and damages with appropriate specificity.
- Defendant expects none at this time.

**(b)    Except as otherwise provided in section 6(a), amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after**

**the Joint Preliminary Report and Discovery Plan is filed, or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

### 7. Filing Times for Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions:* Refer to Local Rules 7.2, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

### 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26 ["14 days after the parties' Rule 26(f) conference"]. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R.Civ.P. 26(a)(1)(B).

Plaintiff and Defendant intend to serve initial disclosures on or before June 30, 2020.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Plaintiff and Defendant do not request a scheduling conference with the Court at this time.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F of the Local Rules. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>Plaintiff</u> believes that discovery may be needed on the following topics:

1) The facts and circumstances giving rise to Plaintiff's asserted claims against Defendant as set forth in the Verified Complaint, including but not limited to trademark infringement, false designation of origin, false or misleading advertising, unfair and deceptive trade practices, and unfair competition Plaintiff's trademarks and Defendant's activities.
2) Damages suffered by Plaintiff as a result of the foregoing.
3) The facts and circumstances giving rise to Defendant's counterclaims including but not limited to the factual bases for Defendant's "information and belief" that Plaintiff's marks had not acquired distinctiveness at the time of registration or prior to Defendant filing its counterclaims, that Plaintiff made any false material representation to

USPTO, that Plaintiff had any intention to deceive the USPTO, that the USPTO relied upon such material misrepresentation, and that Defendant suffered damages proximately resulting from such reliance.

4) Damages allegedly suffered by Defendant as a result of the foregoing.

5) Defendant's efforts to preserve evidence, including electronically stored information, relating to any of the foregoing.

<u>Defendant</u> believes that discovery may be needed on the following topics:

1) The facts and circumstances related to Plaintiff's claims against Defendant.

2) Any confusion as to source or affiliation between the parties and/or their products related to Defendant's alleged use of Plaintiff's alleged marks.

3) The parties' products and/or services.

4) The facts and circumstances around Plaintiff's use of its alleged marks.

5) How third parties perceive Plaintiff's marks.

6) Plaintiff's trademark applications and circumstances surrounding same.

7) Damages allegedly suffered by Plaintiff as a result of the conduct complained of in its complaint.

8) Damages suffered by Defendant as a result of the conduct complained if in its counterclaims.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Plaintiff and Defendant anticipate that a discovery track of 6-months is appropriate in this case.

The parties propose the following schedule of events in this case:

| Event | Deadline |
|---|---|
| Rule 26 Initial Disclosures (LR 26.1) | June 30, 2020 |
| Joint Preliminary Report & Discovery Plan (LR 16.2) | June 30,2020 |
| Fact Discovery Opens (LR 26.2) | June 30, 2020 |
| Expert Witness Disclosures (LR 26.2C)[1] | Plaintiff's disclosure(s) is due on or before October 30, 2020<br><br>Defendant's disclosure(s) is due within 30 days of disclosure by Plaintiff or November 30, 2020, whichever comes earlier. |
| Close of Fact Discovery (6 months) | December 30, 2020 |
| Motions for Summary Judgment (LR 56.1) | January 29, 2021<br><br>[Or, 30 days after close of fact discovery] |
| Pretrial Statement (LR 16.4) | January 29, 2021 or 30 days after court's entry of an order regarding any pending motion for summary judgment, whichever comes later. |

---

[1] "**C. Expert Witnesses**. Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery."

14

**11. Discovery Limitations:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

  X    Yes          No

If "yes,"

**(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties will initially provide all discoverable electronically stored information (ESI) responsive to each party's discovery requests in PDF format. The .pdfs will be in searchable format to the extent reasonably possible. With regard to e-mail communications, the parties agree that associated metadata (to, from, cc, bcc, subject, sent time) may need to be produced.  In the event an issue arises that requires the use of metadata from emails or other electronic files (such as a dispute over the authenticity or creation date of a document), the parties will confer and agree upon a reasonable method of production.  Any ESI that cannot be sent via e-mail should be on a disk or an agreed-upon secure internet method.  If necessary, the parties will additionally negotiate a protocol for the right of inspection in lieu of production if the item(s) to be produced are in a unique format that is otherwise not viewable in native format.

**(2)  The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will initially provide all discoverable electronically stored information (ESI) responsive to each party's discovery requests in PDF format. The .pdfs will be in searchable format to the extent reasonably possible. With regard to e-mail communications, the parties agree that associated metadata (to, from, cc, bcc, subject, sent time) may need to be produced.  In the event an issue arises that requires the use of metadata from emails or other electronic files (such as a dispute over the authenticity or creation date of a document), the parties will confer and agree upon a reasonable method of production.  Any ESI that cannot be sent via e-mail should be on a disk or an agreed-upon secure internet method.  If necessary, the parties will additionally negotiate a protocol for the right of inspection in lieu of production if the item(s) to be produced are in a unique format that is otherwise not viewable in native format.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

(a)     Protective Order. The parties will submit a Stipulated Protective Order in accordance with Your Honor's Instructions to Parties and Counsel and Third Parties, Vendors, and Expert Witnesses.

(b)     Scheduling Order. The parties agree that a Scheduling Order is necessary in this case, and have proposed a timeline for such order above in Section 10.

(c)     Service by Email. The parties agree that documents that are served on one another, but are not filed with the Court, may be served by e-mail pursuant to Fed. R. Civ. P. 5(b)(2)(E).

## 13. Settlement Potential:

(a)     **Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 16, 2020, and that they participated in settlement discussions.  Other persons who participated in the Rule 26(f) conference are listed according to party.**

16

For Plaintiff:     Lead counsel (signature): */s/ Michael J. Powell*

                       Other participants: None

For Defendant:     Lead counsel (signature): */s/ Stephen Vaughn*

                       Other participants: None

**(b)    All parties were promptly informed of all offers of settlement and following discussion by counsel, it appears that there is now:**

_____A possibility of settlement before discovery.

X_____A possibility of settlement after discovery.

_____ A possibility of settlement, but a conference with the judge is needed.

_____ No possibility of settlement.

**(c)    Counsel (X) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

The proposed date of the next settlement conference is August 31, 2020.

**(d)    The following specific problems have created a hindrance to settlement of this case:**

Plaintiff requires certain fact discovery before the issue of settlement can be revisited.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a.)    The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United

17

States Magistrate Judge form has been submitted to the clerk of court this **___** day of _____, 2020.

(b.)     The parties (X) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted, this 30th day of June, 2020.

**POWELL IP LAW, LLC**                        **MORRIS MANNING MARTIN, LLP**

*/s/ Michael J. Powell*                            */s/ Stephen M. Vaughn*
Michael J. Powell                                     Stephen M. Vaughn
Georgia Bar No. 586275                          Georgia Bar No. 219482
mjp@navigatingIP.com                           svaughn@mmmlaw.com
10 Glenlake Parkway                              Lauren C. Dugas
Suite 130                                               Georgia Bar No. 554287
Atlanta, Georgia  30328                          ldugas@mmmlaw.com
(678) 222-3444 - Telephone                     1600 Atlanta Financial Center
                                                           3343 Peachtree Road, NE
*Counsel for Plaintiff*                             Atlanta, GA 30326
                                                           404-364-7422 - Telephone

                                                           *Counsel for Defendant*

* * * * *

## SCHEDULING ORDER

Upon review of information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified:

IT IS SO ORDERED, this_____day of_____, 2020.

_____
J.P. BOULEE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

19

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 30, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Stephen M. Vaughn
Lauren C. Dugas
**Morris Manning & Martin, LLP**
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326

*/s/ Michael J. Powell*
Michael J. Powell